IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARINE CONCEPTS, LLC,<br>a Missouri limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MARCO CANVAS & UPHOLSTERY, LLC,<br>a Florida limited liability company,<br>and EDWARD J. SKRZYNSKI,<br>an individual,<br><br>Defendants. | Case No. 2:14-cv-4280 |

## COMPLAINT

COMES NOW Plaintiff, Marine Concepts, LLC ("Marine Concepts"), and for its cause of action alleges as follows:

1. This is an action for breach of a non-disclosure agreement, misappropriation of trade secrets, and correction of the inventors named on a patent.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff Marine Concepts is a Missouri limited liability company with a principal place of business at 501 Highway J, Osage Beach, Missouri 65065. Marine Concepts makes, distributes, sells, and installs suspended boat covers.

3. Defendant Marco Canvas & Upholstery, LLC ("Marco Canvas") is a Florida limited liability company with a principal place of business at 991 Chalmer Drive, Unit 7, Marco Island, Florida 34145. Defendant Edward J. Skrzynski ("Skrzynski") is a managing member of

Marco Canvas. On information and belief, Skrzynski is a Florida citizen having a residence at 1980 San Marco Road, Marco Island, Florida 34145.

4. This dispute relates to a non-disclosure agreement between Marine Concepts and Marco Canvas relating to a boat cover invention. This dispute also relates to U. S. Patent No. 8,783,276 for a boat covering system.

5. This is an action arising under the patent laws of the United States, specifically 35 U.S.C. § 256. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1338, 28 U.S.C. § 1367, and the Court's general pendent jurisdiction.

6. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds a value of $75,000 and is between citizens of different states.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because, on information and belief, a substantial part of the events giving rise to these claims occurred in this district. On information and belief, Defendant has also conducted business in this district.

## GENERAL ALLEGATIONS

8. Marine Concepts repeats and incorporates the allegations contained in the preceding paragraphs.

9. Marine Concepts owns U. S. Patent Nos. 7,194,976 titled "Boat Cover" and 8,601,971 titled "Suspended Boat Cover and Suspended Boat Cover System." Both patents disclose suspended boat covers that hang from a track and can be moved back and forth along the track like a curtain to cover and uncover a boat. Exhibits A and B.

10. On March 1, 2008, Marine Concepts, through its owner and president Randy Kent ("Kent"), advertised a suspended boat cover system at the 29th Annual Lake of the Ozarks

Products and Services Show. The system included a track that was mounted to a towable trailer that provided a trailer-mounted suspended boat cover display, which allowed the system to be pulled to various trade shows. Exhibit C.

11. Kent conceived of a way to modify his trailer-mounted suspended boat cover display to create a new boat covering system (the "invention") that would allow a boat to be protected by a suspended boat cover even if the boat was not stored under a structure such as a boathouse.

12. On July 10, 2009, Kent emailed photographs of suspended boat covers sold by Marine Concepts to Skrzynski in response to an inquiry from Skrzynski about the possibility of Marco Canvas becoming a licensed distributor of Marine Concepts' products. Exhibit D.

13. Skrzynski expressed concern that the suspended boat covers could not be used in Florida where boathouses were scarce. Kent informed Skrzynski that he was working on an invention that would allow suspended boat covers to be used without a boathouse.

14. On October 17, 2009, Marine Concepts and Marco Canvas executed a Nondisclosure and Confidentiality Agreement ("NDA") for the exchange of confidential information relating to methods of making canvas boat covers. Exhibit E. Kent insisted that Marco Canvas and Skrzynski enter into the NDA before disclosing the invention.

15. On October 17, 2009, after executing the NDA, Kent met with Skrzynski to explore a potential business relationship between Marine Concepts and Marco Canvas. During the meeting Kent disclosed details of his invention. Kent produced sketches of the invention showing a boat covering system using rotatable davits as track hangers that could support a suspended boat cover without having to be mounted in a boathouse. Exhibit F.

16. During the meeting and on the following day, October 18, 2009, Kent and Skrzynski discussed having Skrzynski's patent attorney prepare a patent application for the invention listing both Kent and Skrzynski as inventors.

17. On October 20, 2009, Skrzynski created a mockup of the invention and emailed a video of it to Kent. In his email, Skrzynski wrote "I will start the cad drawings soon and get them off to my attorney so we can lock this up too." Exhibit G.

18. To reassure himself that Skrzynski was a trustworthy potential business partner, Kent sent an email to Skrzynski on October 26, 2009 seeking confirmation Skrzynksi would not steal or misappropriate Kent's invention. Exhibit H.

19. Skrzynski replied to Kent's October 26, 2009 email with several short and cryptic emails, one of which accused Kent of being "paranoid." Exhibit I.

20. On November 24, 2009, Skrzynski filed a provisional patent application, U. S. Application No. 61/264,118 (the " '118 provisional application"), for the invention. The application did not list Kent as an inventor. Exhibit J.

21. On November 24, 2010, Skrzynski filed U. S. Application No. 12/954,559 (the " '559 application") which claimed priority to the provisional application. The application did not list Kent as an inventor. Exhibit K.

22. An assignment of the '559 application to Marco Canvas was recorded with the U.S. Patent and Trademark Office on April 23, 2014. Exhibit L.

23. The '559 application issued as U. S. Patent No. 8,783,276 (the " '276 patent") on July 22, 2014. The patent discloses and claims Kent's invention but does not list Kent as an inventor. Exhibit M.

24. The deceitful and unlawful acts of Skrzynski and Marco Canvas, which include breaching the NDA and misappropriating Marine Concepts' trade secrets, are set forth in the counts below. Further, pursuant to 35 U.S.C. § 256, Kent should be added to the '276 patent as the inventor, and the individuals presently listed as inventors on the '276 patent, Skrzynski and Rodney Bonard, should be removed from the patent.

## COUNT I – BREACH OF THE NON-DISCLOSURE AGREEMENT

25. Marine Concepts repeats and incorporates the allegations contained in the preceding paragraphs.

26. On October 17, 2009, Marine Concepts and Marco Canvas executed the NDA for the purposes of exchanging confidential information relating to methods of making canvas boat covers. Exhibit E.

27. The NDA was a valid contract supported by consideration.

28. Marco Canvas received confidential information from Kent including details about the design and utility of the invention and confidential sketches showing the invention. Exhibit F.

29. Marine Concepts was willing to perform and has performed in compliance with the NDA.

30. Marco Canvas breached the NDA by disclosing confidential information it received from Kent.

31. Marco Canvas improperly disclosed the confidential information from Kent several times in the course of preparing and filing several patent applications including the '118 and '559 applications.

32. Marco Canvas improperly disclosed the confidential information from Kent to its patent attorney so the attorney could prepare the '118 and '559 applications.

33. Marco Canvas improperly disclosed the confidential information from Kent by allowing the '559 application to be published by the U. S. Patent and Trademark Office on May 26, 2011. Exhibit N. By allowing the application to publish, all of the confidential information in the application was made available to the public.

34. As a result of Marcos Canvas' breach of the NDA, Marine Concepts has been damaged in excess of $75,000.

### COUNT II – MISAPPROPRIATION OF TRADE SECRETS
### UNDER THE MISSOURI UNIFORM TRADE SECRETS ACT §§ 417.450 *et seq.*
### FOR TRADE SECRETS RELATING TO A BOAT COVERING SYSTEM

35. Marine Concepts repeats and incorporates the allegations contained in the preceding paragraphs.

36. On October 17, 2009, Marine Concepts and Marco Canvas executed the NDA for the purposes of exchanging confidential information relating to methods of making canvas boat covers. Exhibit E.

37. In accordance with the NDA, Marine Concepts disclosed trade secrets to Marco Canvas including information regarding the design and utility of Kent's invention and confidential sketches showing the invention. Exhibit F.

38. The trade secrets disclosed by Marine Concepts were valuable intellectual property which derived value from the fact that they were not known to competitors.

39. When the trade secrets disclosed by Marine Concepts were not known to others in the industry, Marine Concepts was able to refine and test the invention in secrecy without competitors making and selling the invention.

40. Marine Concepts planned to eventually cease using trade secrets as a means to protect the invention and instead file for patent protection. However, at the time the invention was misappropriated by Skrzynski and Marco Canvas it was being protected as a trade secret.

41. Skrzynski and Marco Canvas knew the information regarding the invention was subject to the confidentiality requirements of the NDA.

42. Skrzynski and Marco Canvas disregarded their confidentiality obligations and misappropriated Marine Concepts' trade secrets several times in the course of preparing and filing patent applications including the '118 and '559 applications.

43. Skrzynski and Marco Canvas misappropriated the trade secrets by disclosing the trade secrets to the patent attorney that prepared the '118 and '559 applications.

44. Skrzynski and Marco Canvas misappropriated the trade secrets by allowing the '559 application to be published by the U. S. Patent and Trademark Office on May 26, 2011. Exhibit N. By allowing the application to publish, Marine Concepts' trade secrets in the application were made available to the public.

45. As a result of Skrzynski's and Marco Canvas' misappropriation of Marine Concepts' trade secrets, Marine Concepts has been damaged in excess of $75,000.

### COUNT III – MISAPPROPRIATION OF TRADE SECRETS UNDER THE MISSOURI UNIFORM TRADE SECRETS ACT §§ 417.450 *et seq.* FOR TRADE SECRETS RELATING TO METHODS OF MAKING BOAT COVERS

46. Marine Concepts repeats and incorporates the allegations contained in the preceding paragraphs.

47. On October 17, 2009, Marine Concepts and Marco Canvas executed the NDA for the purposes of exchanging confidential information relating to methods of making canvas boat covers. Exhibit E.

48. In accordance with the NDA, Marine Concepts disclosed trade secrets to Marco Canvas including information regarding methods of making boat covers.

49. The trade secrets comprised various steps of making a boat cover including (a) using a laser to measure a boat to be fitted with a cover, (b) converting the digital boat measurement data into format that can be used by a CNC canvas cutter, (c) using the CNC canvas cutter to cut the various pieces of the boat cover out of canvas, (d) sewing the pieces together make a boat cover, and (e) installing the boat cover.

50. The trade secrets disclosed by Marine Concepts were valuable intellectual property which derived value from the fact that they were not known to competitors.

51. When the trade secrets disclosed by Marine Concepts were not known to others in the industry, Marine Concepts was able to use the secret methods to make boat covers that performed better than those made by competitors. The method also allowed Marine Concepts to make covers more cost effectively than competitors.

52. Skrzynski and Marco Canvas knew trade secret method was subject to the confidentiality requirements of the NDA.

53. Skrzynski and Marco Canvas disregarded their confidentiality obligations and misappropriated Marine Concepts' trade secret by using the method to make competing products.

54. As a result of Skrzynski's and Marco Canvas' misappropriation of Marine Concepts' trade secrets, Marine Concepts has been damaged in excess of $75,000.

**COUNT IV – CORRECTION OF INVENTORS ON PATENT UNDER 35 U.S.C. § 256**

55. Marine Concepts repeats and incorporates the allegations contained in the preceding paragraphs.

56. On October 17, 2009, Kent met with Skrzynski and disclosed details of his invention to Skrzynski. Kent produced sketches of the invention showing a boat covering system using rotatable davits as track hangers that could support a suspended boat cover without having to be mounted in a boathouse. Exhibit F.

57. On November 24, 2009, Skrzynski filed the '118 provisional application describing the invention Kent disclosed at the October 17 meeting. The application did not list Kent as an inventor. Exhibit J.

58. On November 24, 2010, Skrzynski filed the '559 application, which claimed priority to the '118 provisional application. The application described and claimed the invention Kent disclosed at the October 17 meeting. The application did not list Kent as an inventor. Exhibit K.

59. The '559 application eventually issued as the '276 patent on July 22, 2014. The patent describes and claims the invention Kent disclosed at the October 17 meeting. The patent does not list Kent as an inventor. Exhibit M.

60. Kent is the inventor of the boat covering system described in the '118 and '559 applications and the '276 patent.

61. On March 15, 2013, Kent filed a petition with the U. S. Patent and Trademark Office requesting that he be added as an inventor to the '559 application. Exhibit O.

62. On May 29, 2014, Kent filed additional evidence with the U. S. Patent and Trademark Office in support of the March 15 petition. Exhibit P. Included in the May 29, 2014, submission was a signed statement by Kent which set forth voluminous evidence of Kent's inventorship. Exhibit Q.

63. Many of the figures in the '118 provisional application, which was the initial application filed for the '276 patent, are near copies of sketches produced by Kent at the October 18, 2009 meeting with Skrzynski. See Exhibit Q, ¶¶ 26-30.

64. Kent should be added to the '276 patent as the inventor pursuant to 35 U.S.C. § 256.

65. The individuals presently listed as inventors on the '276 patent, Skrzynski and Rodney Bonard, did not contribute to any of the claims of the patent.

66. Skrzynski and Rodney Bonard should be removed as inventors of the '276 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Marine Concepts requests judgment in its favor and against Defendants as follows:

a. Enter judgment for Marine Concepts on all claims;

b. That Skrzynski and Marco Canvas be ordered to pay the damages suffered by Marine Concepts, including any lost profits resulting from the conduct of Skrzynski and Marco Canvas, as set forth in the counts above;

c. Award interest, both prejudgment and post judgment, on the damages awarded;

d. That Skrzynski and Marco Canvas be ordered to pay any attorneys' fees and costs incurred in bringing and prosecuting this action;

e. That Skrzynski and Marco Canvas pay to Marine Concepts punitive, exemplary, or treble damages to which Marine Concepts is entitled;

f. That Skrzynski and Marco be ordered to pay damages in accordance with Mo. Rev. Stat. § 417.457 for misappropriation of Marine Concepts' trade secrets;

g. That the Court order Kent be added to the '276 patent as the inventor pursuant to 35 U.S.C. § 256;

h. That the Court order Kent be added as the inventor to all patent applications forming the basis of the '276 patent including the '118 and '559 applications, as well as any patent applications continuing from those applications;

i. That the Court order Skrzynski and Rodney Bonard be removed as inventors of the '276 patent pursuant to 35 U.S.C. § 256;

j. That the Court order Skrzynski and Rodney Bonard be removed as inventors from all patent applications forming the basis of the '276 patent including the '118 and '559 applications as well as any patent applications continuing from those applications;

k. That the assignment of the '276 patent from Skrzynski and Rodney Bonard to Marco Canvas be declared void *ab initio* and the Court order the assignment be removed from the U. S. Patent and Trademark Office records; and

l. For such other and further relief as the Court may deem just in law and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Jefferson City, Missouri as the place of trial of the above-styled matter.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests trial by jury of the above-styled matter.

>Respectfully submitted,
>
>By: */James J. Kernell/*
>    James J. Kernell, #48850
>    Kyle D. Donnelly, #KS-000879
>    ERICKSON KERNELL DERUSSEAU
>    & KLEYPAS, LLC
>    8900 State Line Road, Suite 500
>    Leawood, Kansas 66206
>    Telephone: (913) 549-4700
>    Facsimile: (913) 549-4646
>
>Attorneys for Plaintiff
>Marine Concepts, LLC