**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

MARINE CONCEPTS, LLC,                )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )          Case No. 2:14-cv-04280-NKL
                                     )
MARCO CANVAS & UPHOLSTRY, LLC,       )
and EDWARD J. SKRZYNSKI,             )
                                     )
          Defendants.                )

**ORDER**

Pending before the Court is Defendants' motion to dismiss for lack of personal jurisdiction, Doc. 6. Defendants' motion is granted.

**I.      Background**

This action arises out of a patent dispute between Plaintiff Marine Concepts, LLC ("Marine Concepts") and Defendants Marco Canvas & Upholstry ("Marco Canvas") and Edward J. Skrzynski ("Skrzynski"). Marine Concepts a Missouri limited liability company with a principal place of business in Osage Beach, Missouri. Marco Canvas is a Florida limited liability company with a principal place of business in Marco Island, Florida. Skrzynski is a managing member of Marco Canvas and a citizen of Florida.

Marine Concepts brought this action in the District Court for the Western District of Missouri alleging breach of a non-disclosure agreement, misappropriation of trade secrets, and correction of the investors named on a patent. Marine Concepts makes,

1

distributes, sells, and installs suspended boat covers.  It owns two patents titled "Boat Cover" and "Suspended Boat Cover and Suspended Boat Cover System."

In March 2008, Marine Concepts advertised a suspended boat cover system at the 29th Annual Lake of the Ozarks Products and Services Show.  In July 2009, Skrzynski sent an inquiry to Marine Concepts asking about the possibility of Marco Canvas becoming a licensed distributor of Marine Concepts' products.[1]  He expressed concern that suspended boat covers could not be used in Florida, as boathouses are scarce in Florida.  Randy Kent, the owner and president of Marine Concepts, informed Skrzynski that he was working on a new invention that would allow a boat to be protected by a suspended boat cover even if the boat was not stored in a boathouse.  In October 2009, Marine Concepts and Marco Canvas executed a Nondisclosure and Confidentiality Agreement ("NDA") for the exchange of confidential information relating to methods of making canvas boat covers.  Thereafter, the parties met to discuss the potential new boat cover.  They discussed having Skrzynski's patent attorney prepare a patent application for the invention and listing both Kent and Skrzynski as inventors.

In November 2009, Skrzynski filed a provisional patent application allegedly for the invention developed in conjunction with Kent.  Kent was not listed as an inventor on the patent application.  Marine Concepts contends that this act breached the NDA and misappropriated Marine Concepts' trade secrets.

---

[1] Marine Concepts does not allege that Skrzynski's inquiry was related to the Lake of the Ozarks Products and Services Show.

## II.    Discussion

Defendants filed a motion to dismiss the case for lack of personal jurisdiction, arguing that they lack sufficient minimum contacts with the state of Missouri for the Court to exercise jurisdiction over them.

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff has the burden of making a prima facie showing that personal jurisdiction exists. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008) (citations omitted).  The Court views the evidence in the light most favorable to the plaintiff, and resolves factual conflicts in the plaintiff's favor. *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).  Even so, a plaintiff must produce some evidence; conclusory allegations are insufficient. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004).  "The plaintiff's 'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id.* at 1072-73.

A court may exercise personal jurisdiction over a party based on either general or specific jurisdiction.  "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KC*, 646 F.3d 589, 593 (8th Cir. 2011) (citations omitted).

3

### A. General Jurisdiction

"A court may assert general jurisdiction over foreign corporations only if they have developed 'continuous and systematic general business contacts' . . . with the forum state, '[so] as to render them essentially at home in the forum state.'" *Id.* at 595 (citations omitted).

> General jurisdiction is more difficult to establish than specific jurisdiction. In *Daimler AG v. Bauman*, 134 S. Ct 746, 760-761 (2014), the plaintiff urged the court to find that general jurisdiction exists "in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" The Supreme Court declined so to hold, characterizing that particular formulation of general jurisdiction as "unacceptably grasping."

*Interocean Trade & Transp., Inc. v. Shanghai AnTong Int'l Freight Agency Co. Ltd.*, 2014 WL 4983493, at *5 (W.D. Mo. October 4, 2014). Therefore, in order for Defendants to be subject to the Court's general jurisdiction, they must do more than simply conduct ongoing business in Missouri.

Defendants' activities in Missouri make clear that they are not subject to general jurisdiction here. They have no agents, representatives, employees, or offices in Missouri. They have not sold any products or services to anyone located in Missouri. They have never advertised or marketed here directly. No Marco Canvas subsidiaries are located in Missouri. Defendants maintain no bank accounts or credit lines here and own no real property in Missouri.

Marine Concepts contends that Defendants' prior contractual relationships with two Missouri companies and ongoing royalty payments to a company within the state allow the Court to assert general jurisdiction over Marco Canvas and Skrzynski. The

4

Supreme Court's commentary in *Daimler* makes clear that these contacts are insufficient to subject Defendants to the Court's general jurisdiction. Mailing royalty payments into Missouri is not the type of "systemic and continuous general business contact" that makes a company "at home" here. *See Warren v. Cardoza Pub., Inc.*, 2011 WL 6010758, at *8 (E.D. Mo. 2011) (holding that mailing royalties to the plaintiff, a Missouri resident, was insufficient to satisfy due process requirements for the court to exercise specific jurisdiction over the defendants). Therefore, the Court does not have general jurisdiction over them.

## B. Specific Jurisdiction

In order for the Court to exercise specific jurisdiction over Defendants in this action, jurisdiction must be appropriate under both the Missouri long arm statute and the Due Process Clause of the Fourteenth Amendment. *Id.* The Missouri long arm statute provides as follows:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
> (1)   The transaction of any business within this state;
> (2)   The making of any contract within this state;
> (3)   The commission of a tortious act within this state;
> . . . .

§ 506.500(1) R.S.Mo. If a cause of action satisfies the Missouri long arm statute, the statute will be interpreted to provide for jurisdiction to the fullest extent permitted by the Due Process Clause. *Viasystems*, 646 F.3d at 593 (citation omitted).

5

Marine Concepts argues that Defendants committed a tortious act that satisfies the Missouri long arm statute. A tortious act need not be committed within Missouri in order for the Court to exercise jurisdiction over litigation regarding the tort. "'[E]xtraterritorial acts that produce consequences in the state,' such as fraud, are subsumed under the tortious act section of the long-arm statute." *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W. 227, 232 (Mo. 2010). Alleged violations of the Missouri Uniform Trade Secrets Act, as Marine Concepts made in Counts II and III of its complaint, fall within the Missouri long arm statute as causes of action arising out of the commission of a tortious act. *See Insituform Technologies, Inc. v. Reynolds, Inc.*, 398 F.Supp.2d 1058 (E.D. Mo. 2005) (holding that the plaintiff had satisfied the Missouri long arm statute by alleging sufficient facts to make out a prima facie case of misappropriation of trade secrets).

The satisfaction of the long arm statute alone, however, does not permit the Court to exercise personal jurisdiction over Defendants. The Court's exercise of personal jurisdiction must still meet the requirements of the Due Process Clause. Due process is satisfied if the out-of-state defendant has "'purposefully directed [its] activities at [Missouri] residents' in a suit that 'arises out of' or 'relates to' these activities." *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010) (citations omitted).

In determining whether a defendant's contacts with Missouri are sufficient for him to be subject to personal jurisdiction here, the courts evaluate five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of Missouri in providing

a forum for its residents; and (5) the convenience or inconvenience to the parties." *Id.* "The proper question is not where the plaintiff experienced a particularly injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014).

In the complaint Marine Concepts alleged that "[o]n July 10, 2009, Kent emailed photographs of suspended boat covers sold by Marine Concepts to Skrzynski in response to an inquiry from Skrzynski[2] about the possibility of Marco Canvas becoming a licensed distributor of Marine Concepts' products." [Doc. 1, p. 3]. Marine Concepts attached a number of exhibits to the complaint, including a series of email exchanges documenting the communications between the parties. [Docs. 1-4, 1-7, 1-8, 1-9]. Nothing in these emails suggests that Defendants should have known that they were communicating with an individual or company in Missouri. Kent's signature block in the email contains his name, phone number, the company name, and the web address "www.worldsbestboatcover.com." *Id.* It does not include Kent's personal address, the Marine Concepts business address, or any indication that either is located in Missouri.

After communicating regarding the boat covers for a few months, Kent met with Skrzynski to explore a potential business relationship. Nothing in the complaint or attached exhibits state where this meeting occurred, but in Marine Concepts' suggestions in opposition to Defendants' motion to dismiss, Marine Concepts states that Defendants

---

[2] Marine Concepts does not make allegations regarding how Skrzynski and Marco Canvas learned of Marine Concepts or its boat covers prior to making this inquiry. Marine Concepts also makes no allegations regarding how Skrzynski contacted Kent or obtained his contact information. Therefore, Defendants' inquiry, by itself, is not enough to conclude that they purposefully directed their activities into Missouri.

7

"finally lur[ed] the company's owner to Florida where valuable intellectual property was stolen." [Doc. 12, p. 6]. The Court takes this to mean that the meeting between the parties (apparently the only in person meeting that occurred between the parties) took place in Florida. At that meeting the parties executed the NDA, which, like Kent's emails, contains no indication that Marine Concepts is a Missouri company. [Doc. 1-5]. The NDA states only that Kent, President of Marine Concepts, has a residence at "27904 Foxborn Trail." [Doc. 1-5, p. 2]. In contrast to this abbreviated address, the full address of Skrzynski and Marco Canvas, concluding with "Marco Island, Florida 34145," is included in the NDA. *Id.*

The allegations and evidence presented in this case are insufficient for the Court to exercise personal jurisdiction over Marco Canvas and Skrzynski. Though Defendants sent a number of communications to Marine Concepts in Missouri, nothing in those communications indicated that Defendants were communicating with a Missouri resident and company. Moreover, "[c]ontact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause." *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006) (citation omitted). Though Defendants send ongoing royalty payments to Missouri and have distribution licenses from two Missouri companies, those contacts are completely unrelated to this litigation and provide no basis for the Court to exercise specific jurisdiction over this action. Finally, as Marine Concepts is located in Missouri and Defendants are located in Florida, litigation in either state results in inconvenience to one of the parties.

Because there is no allegation in the pleading or other evidence that Defendants understood they were interacting with a Missouri company, the Court concludes that Defendants did not "purposefully direct" their activities into the state. As such, the Court lacks specific jurisdiction over Defendants in this matter, and the case must be dismissed for lack of personal jurisdiction.

## III.    Conclusion

For the reasons set forth above, Defendants' motion to dismiss for lack of personal jurisdiction is granted.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  January 28, 2015
Jefferson City, Missouri