UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARINE CONCEPTS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:14-cv-04280-NKL |
| MARCO CANVAS & UPHOLSTRY, LLC, and EDWARD J. SKRZYNSKI, | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is Plaintiff's motion for reconsideration, Doc. 24. For the reasons set out below, Plaintiff's motion is denied.

**I.  Background**

This action arises out of a patent dispute between Plaintiff Marine Concepts, LLC ("Marine Concepts") and Defendants Marco Canvas & Upholstry ("Marco Canvas") and Edward J. Skrzynski ("Skrzynski"). Marine Concepts a Missouri limited liability company with a principal place of business in Osage Beach, Missouri. Marco Canvas is a Florida limited liability company with a principal place of business in Marco Island, Florida. Skrzynski is a managing member of Marco Canvas and a citizen of Florida.

In October 2009, Marine Concepts and Marco Canvas executed a Nondisclosure and Confidentiality Agreement ("NDA") for the exchange of confidential information relating to methods of making canvas boat covers. Thereafter, the parties met to discuss plans for a new boat cover. In November 2009, Skrzynski filed a provisional patent

1

application allegedly for the invention developed in conjunction with Marine Concepts. Marine Concepts contends that this act breached the NDA and misappropriated Marine Concepts' trade secrets.

On January 28, 2015, the Court entered an order granting Defendants' motion to dismiss for lack of personal jurisdiction due to Marine Concepts' failure to demonstrate that Defendants had "purposefully directed" their activities into Missouri to be subject to the Court's jurisdiction here. [Doc. 22, p. 9]. Marine Concepts now requests that the Court reconsider its prior order in light of evidence that Defendants knew Plaintiff was a Missouri company.

**II.     Discussion**

Motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), "serve the limited function of correcting manifest errors of law or fact [or presenting] newly discovered evidence." *U.S. v. Metropolitan St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations and citations omitted). A district court has broad discretion in determining whether to grant or deny a motion to alter or amend. *Id.*

Rule 60(b) allows the Court to relieve a party from a final judgment, order, or proceeding entered as a result of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial, (3) fraud, misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied, released, or discharged/ it is based on an earlier judgment that has been reversed or vacated; or

2

applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Neither Rule 59 nor 60 justify the Court revisiting its decision in this case. Marine Concepts has failed to demonstrate through both its initial suggestions in opposition to Defendants' motion to dismiss and its motion for reconsideration that Defendants purposefully directed their activities into Missouri to be subject to personal jurisdiction here. *Johnson v. Woodstock*, 444 F.3d 953, 956 (8th Cir. 2006) (noting that the burden to establish jurisdiction lies on the party asserting jurisdiction). Therefore, the Court need not revisit its dismissal.

Marine Concepts attempts to prove that because Defendants knew Marine Concepts was a Missouri company, Defendants are subject to specific jurisdiction in Missouri.[1] However, simply presenting evidence that Defendants knew that Marine Concepts was located in Missouri is not enough to establish specific personal jurisdiction over Defendants. Regardless of a party's knowledge of their opponent's residence, due process requires that a defendant purposefully direct its activities at the forum state in a suit that "arises out of" or "relates to" these activities in order to be subject to personal

---

[1] The additional evidence presented by Marine Concepts does not bear on whether Defendants are subject to general jurisdiction in Missouri because Defendants' knowledge of Marine Concepts' location does not change the quality or quantity Defendants' "continuous and systematic general business contacts" in Missouri. *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co.,* KC, 646 F.3d 589, 595 (8th Cir. 2011) (quotation omitted). As explained in the Court's previous order granting Defendants' motion to dismiss, Defendants cannot be considered to be "at home" in Missouri, and therefore are not subject to general jurisdiction here. [Doc. 22, p. 4-5]. The evidence presented in Marine Concepts' motion for reconsideration does not implicate the Court's conclusions regarding general jurisdiction, and general jurisdiction will not be revisited here.

3

jurisdiction in the forum. *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010). Courts evaluate five factors in order to determine whether a party may be subjected to the court's personal jurisdiction: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Id.* None of the new evidence Marine Concepts has presented implicates the Court's conclusion that Defendants did not purposefully direct their actions at Missouri such that these five factors justify the Court exercising personal jurisdiction over them.

In its initial suggestions in opposition to Defendants' motion to dismiss, Marine Concepts argued that Defendants are subject to personal jurisdiction in Missouri because they executed two contracts with Missouri companies in the past, make ongoing royalty payments to a Missouri company, made phone calls and sent emails to Marine Concepts in Missouri, "targeted" Marine Concepts in Missouri, and lured Marine Concepts' owner to Florida to steal intellectual property. As the Court noted in its previous order,

> "[C]ontact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause." *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006) (citation omitted). Though Defendants send ongoing royalty payments to Missouri and have distribution licenses from two Missouri companies, those contacts are completely unrelated to this litigation and provide no basis for the Court to exercise specific jurisdiction over this action.

[Doc. 22, p. 8]. The Court's conclusions are well supported by Eighth Circuit precedent. *See Fastpath, Inc. v. Arbela Technologies Corp.*, 760 F.3d 816, 823-24 (8th Cir. 2014) (holding that emails and phone calls did not create a "substantial connection" to the

4

forum where they were merely "incidental" and did not demonstrate purposeful availment of the forum); *Primus Corp. v. Centreformat Ltd.*, 221 Fed. App'x. 492, 494 (8th Cir. 2007) (finding no personal jurisdiction where the defendant's contacts with the state consisted primarily of telephone and written communications); *Porter v. Berall*, 293 F.3d 1073 (8th Cir. 2002) ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause"); *see also Ahmed v. Bangash*, 2014 WL 805869, at *5 (E.D. Mo. Feb. 28, 2014) ("even if direct, one-on-one emails between the parties existed, a review of the relevant Eighth Circuit case law reveals that, in general, if a defendant's connection to the forum state is established merely through emails, calls, or faxes sent back and forth, such contacts alone do not satisfy Due Process."). This precedent makes clear that the nature, quality, and quantity of these communications are insufficient, on their own, for the Court to exercise jurisdiction.

Furthermore, the fact that Marine Concepts felt the consequences of Defendants' actions in Missouri does not create jurisdiction here. *Fastpath*, 760 F.3d at 822 ("Arbela has no employees or offices in Iowa, never traveled to Iowa for this agreement, and allegedly breached the covenant outside Iowa. That an Iowa company felt its breach does not mean that an Iowa court has jurisdiction over the non-resident defendant consistent with due process."). "The proper question is not where the plaintiff experienced a particularly injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014). Defendants did not go to Missouri to interact with Marine Concepts, sell relevant products in Missouri, or project Marco Canvas into Missouri in any meaningful way.

5

The NDA between Marine Concepts and Defendants was executed in Florida and parties discussed the intellectual property at issue in this case while meeting in Florida. Despite Defendants' contact with Marine Concepts, a Missouri company, Defendants had no meaningful interaction with the state of Missouri and cannot be subject to personal jurisdiction here. *See Primus Corp.*, 221 Fed. App'x. at 494 (holding that the court had no personal jurisdiction over the defendant where the defendant's contacts with the state consisted primarily of telephone and written communications, defendant had no agents or property in the state, was not licensed to do business in Missouri, the contract was not finalized in Missouri, and the defendant did not travel to Missouri for negotiations).

Marine Concepts' additional evidence that Defendants understood that Marine Concepts was a Missouri company is not sufficient to tip the scales in favor of the Court exercising jurisdiction. *See Fastpath*, 760 F.3d at 823 ("Fastpath makes much of the fact that Arbela knew it was an Iowa corporation when these discussions were ongoing, but this approach to the minimum contacts analysis impermissibly allows a plaintiff's contacts with the defendant and the forum to drive the jurisdictional analysis.") (quotations omitted). A defendant's decision to interact with a plaintiff located in the forum state is not itself sufficient to subject the defendant to jurisdiction in that state, nor can the plaintiff's connections with the forum form the basis of the Court's exercise of personal jurisdiction. "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 134 S. Ct. at 1122.

Defendants' knowledge of Marine Concepts' location in Missouri did not enhance

6

Defendants' own interactions with the state in any way. The evidence presented by Marine Concepts shows Defendants interacting with Marine Concepts and its employees, not the state of Missouri. In the absence of some interaction with the state of Missouri, the facts that Mr. Kent and Mr. Skrzynski discussed Missouri, Lake of the Ozarks, travel arrangements from Missouri to Florida, or Mr. Kent's childhood in Missouri do not weigh in favor of the Court exercising jurisdiction over Defendants. None of these conversations resulted in Defendants projecting themselves into Missouri. Therefore, Defendants' interactions with individuals from Missouri are insufficient to create personal jurisdiction in the state.

Marine Concepts requests that in the absence of a finding that Defendants are subject to the Court's jurisdiction in Missouri, Marine Concepts be allowed to conduct jurisdictional discovery regarding Defendants' actions in Missouri. Marine Concepts states that additional discovery is justified because it has recently come to their attention that Defendants entered into a patent license agreement with another Missouri entity for rights to manufacture and sell a boat cover and that the patent being licensed is now owned by Marine Concepts. The Court declines to permit Marine Concepts to conduct additional discovery on this matter. Any evidence regarding this separate patent agreement would not resolve unknown or disputed facts relating to Defendants' actions breaching the NDA or misappropriating trade secrets, which are the only contacts relevant to the Court's exercise of specific jurisdiction over the case at hand. *Vitasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011). Any contention that it would aid in establishing general jurisdiction is

7

entirely speculative and unlikely given Defendants' lack of other substantial contact with Missouri.  *See id.*

## III. Conclusion

For the reasons set forth above, Plaintiff's motion for reconsideration is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  April 27, 2015
Jefferson City, Missouri